UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CARL E. JOHNSON,                         :
    Petitioner                           :
                                         :
v.                                       : CIVIL NO. 3:CV-06-2380
                                         :
JAMES L. GRACE,                          : (Judge Kosik)
    Respondent                           :

# **M E M O R A N D U M**

    Carl E. Johnson is currently an inmate at the State Correctional Institution at Huntingdon (SCI-Huntingdon), Pennsylvania. He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 11, 2006. Named as Respondent is James L. Grace, Superintendent at SCI-Huntingdon. In the petition, Johnson challenges his 2003 Clinton County conviction and sentence. He raises the sole ground that his due process, equal protection and Eighth Amendment rights were violated when the sentencing court abused its discretion in sentencing him to a cumulative sentence when his co-defendant was involved in the same conduct and received a lesser cumulative sentence. The petition is ripe for consideration and, for the reasons that follow, will be dismissed without prejudice as unexhausted.

## **Background**

    On January 24, 2003, Johnson pled guilty in the Court of Common Pleas of Clinton County, Pennsylvania, to five counts of possession with intent to manufacture

or deliver a controlled substance; one count of conspiracy; two counts of dealing in proceeds of unlawful activities; one count of criminal use of communications facility; and one count of corrupt organizations. In exchange for the guilty plea, application of the statutory mandatory minimum sentences was waived, and a 150 month minimum sentence recommended with the maximum to be determined by the court. On July 9, 2003, Petitioner was sentenced to an aggregate prison term of 150 to 300 months.

On direct appeal to the Pennsylvania Superior Court, with new counsel appointed, Petitioner raised the single issue that the trial court abused its discretion in sentencing because Petitioner's sentence was "vastly different" from the sentence imposed on another individual arrested as a result of the same criminal investigation. On April 2, 2004, the Superior Court affirmed the judgment of sentence, finding the sole issue raised on appeal to have been waived by inadequate briefing. The Superior Court also found that it could not consider the issue because the Commonwealth objected to Petitioner's failure to comply with Pa.R.A.P. 2119(f). This rule requires that a concise statement of the reasons relied on for allowance of appeal be set forth in the appellate brief as well as a demonstration of the existence of a substantial question that the sentence is inappropriate under the Sentencing Code.  (Doc. 3, Ex. A.)  Johnson did not pursue the appeal further to the Pennsylvania Supreme Court or file a petition for writ of certiorari in the United States Supreme Court.

2

On January 3, 2005, Petitioner did file a timely PCRA petition under 42 Pa.C.S. § 9541 et seq. In the petition he alleged that his appellate counsel was ineffective by submitting an inadequate brief on direct appeal.  Following the appointment of counsel and a hearing, the PCRA court denied relief on March 28, 2005.  An appeal to the Pennsylvania Superior Court was thereafter filed by Petitioner on April 22, 2005.

On December 14, 2005, the Superior Court found that appellate counsel was ineffective, reversing the denial of PCRA relief and reinstating Petitioner's right to direct appeal.  (Id., Ex. B, Commonwealth v. Johnson, 889 A.2d 620 (Pa. Super. 2005). The case was remanded to the trial court which then directed Petitioner to file a notice of appeal and statement of matters complained about on appeal.  Thereafter, the trial court adopted its previous opinion of September 3, 2003, again affirming the judgment of sentence.  Petitioner then filed a timely appeal to the Pennsylvania Superior Court.  On August 11, 2006, pursuant to the reinstated rights of direct appeal, the Superior Court affirmed the judgment of sentence.  Petitioner did not file an allowance of appeal to the Pennsylvania Supreme Court or seek a writ of certiorari in the United States Supreme Court.  On December 11, 2006, he filed the instant habeas petition.

**Standard**

Respondent does not dispute the timeliness of the instant petition. In fact, the response asserts how the petition is timely whether Respondent adheres to the belief that (1) the federal limitations period begins to run anew when direct appeal is re-instated through a state grant of collateral relief or (2) begins to run on the date when the judgment would have become final on his first direct review, and was merely tolled during subsequent collateral and direct appeal proceedings. Pursuant to either calculation, Respondent concedes that the instant petition would be timely.

Respondent argues, however, that the sole claim set forth by Petitioner has never been presented in the state courts and that Petitioner has available state process in which to present his claim. As such, Respondent seeks the dismissal of the petition on the basis of exhaustion.

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-20 (1982); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993). The exhaustion requirement is satisfied when the state courts have had an opportunity to review and correct alleged constitutional violations. Evans v. Court of Common Pleas, 959 F.2d 1227, 1230 (3d Cir. 1992). The exhaustion requirement is not mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any

4

violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). "Unless it would be patently futile to do so, [state prisoners] must seek relief in state court before filing a federal habeas petition. . . ." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982).[1]

A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. Gonce v. Redman, 780 F.2d 333, 336 (3d Cir. 1985). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state court. Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971). Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans, 959 F.2d at 1231; Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the

---

[1] Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v .Kindt, 26 F.3d 402, 405 (3d Cir. 1994).

5

failure to exhaust and treat the claims as exhausted.  Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989).  Although deemed unexhausted, such claims are considered procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.  A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims.  See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992).

**Discussion**

Respondent maintains that Petitioner has not fairly presented his sole habeas claim to the state courts, and therefore it is unexhausted.  Respondent further contends that there is not an absence of corrective process in the state courts, as Petitioner is not time-barred from filing a PCRA petition.  The court agrees, and will therefore dismiss the petition without prejudice on the basis of exhaustion.

In presenting his claim to the Pennsylvania Superior Court following the reinstatement of his direct appeal rights, Petitioner set forth his sole ground as follows:

> Whether the sentencing court abused its discretion in sentencing defendant to a cumulative sentence of 150 months to 300 months

6

> when a co-defendant received a cumulative sentence of 60 months to 120 months with a 180 month probationary tail from the same judge where the two defendants were involved in the same extensive drug ring, each had prior records and each contributed to the impact of the drug ring on the community?

(Doc. 3, Ex. H at 6.) In reviewing the appellate brief submitted by Petitioner, it is clear he failed to assert any federal claim. Rather, he argued that the sentencing court acted in contravention of the state sentencing code , citing to 42 Pa. C.S.A. § 9721(b). He cited to one (1) state case which construes said section of the state code. The appeal was void of any assertion of a federal constitutional claim and lacked any reference to or reliance on federal case authority. In addressing Petitioner's appeal, the Superior Court applied and construed state law. (Id., Ex. C.) Clearly, it cannot be found that Petitioner "fairly presented" his federal habeas claim in the state courts. As such, the claim is unexhausted.

The failure to exhaust will not be excused under the circumstances of this case in that corrective procedures still exist for Petitioner to present his claim in the state court system. In the instant case, Petitioner is not barred from filing a PCRA. Under 28 U.S.C. § 2254(d)(1), a state defendant has one year to file a 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

7

See Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v.United States, 166 F.3d 565, 575-77 (3d Cir. 1999).

In computing the one year period, the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, the period of time for filing a habeas corpus petition commenced when the time for petitioning the United States Supreme Court for a writ of certiorari expired, i.e., ninety days after August 11, 2006, the date on which the Pennsylvania Superior Court affirmed petitioner's conviction following reinstatement of his direct appeal. See Lines v. Larkins, 208 F.3d 153, 164 (3d Cir. 2000); Kapral, 166 F.3d at 575 (direct review concludes with the expiration of the time for petitioning for certiorari review). Accordingly, the limitations period began to run on or about November 9, 2006, and Petitioner has until November 9, 2007, to file his § 2254 petition. This period is tolled by any properly filed PCRA petition. To date, Petitioner has not filed a PCRA petition following reinstatement of his direct appeal rights. Pursuant to state law, Petitioner has one year from the date the judgment of sentence became final (November 9, 2006) within which to file a PCRA petition. See 42 Pa. C.S. § 9545(b)(1).

To avoid the risk that a second 2254 petition will be barred by the expiration of the one-year statute of limitations while Petitioner is exhausting his state-court

8

remedies, the court must decide whether to stay the instant petition rather than dismiss it. See Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). In Petitioner's traverse, he appears to acknowledge that he has not exhausted his claim, and requests the court to stay his instant petition pending his exhaustion of state court remedies under the principles set forth in Crews. The court finds no reason to do so given the procedural posture of this case. By the court's calculations, Petitioner has just shy of eight (8) months remaining before the statute of limitations period expires for filing a habeas corpus petition in this court. Any PCRA petition filed during this period would toll the running of the statute as explained above. The court is unable to advise Petitioner as to the specifics with regard to the available limitations period as the later the PCRA petition is filed, the shorter the corresponding statutory period remaining becomes once PCRA proceedings are concluded. Accordingly, there is no prejudice to Petitioner in dismissing the instant petition. The amount of time within which he has to pursue federal habeas relief depends on the procedural steps he takes in pursuing PCRA relief. An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CARL E. JOHNSON,                         :
                                         :
       Petitioner               :
                                         :
  v.                                     :   CIVIL NO. 3:CV-06-2380
                                         :
JAMES L. GRACE,                          :   (Judge Kosik)
                                         :
       Respondent               :

## **O R D E R**

**NOW, THIS 14th DAY OF MARCH, 2007, IT IS HEREBY ORDERED**

**AS FOLLOWS:**

1. The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust state court remedies.

2. A certificate of appealability is denied.

3. The Clerk of Court is directed to close this case.

                                              s/Edwin M. Kosik
                                            United States District Judge